**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01161-CMA-CBS

MICHAEL BRUNGARDT,

    Plaintiff,

v.

DON LAWSON,
DR. WARMERS, and
DR. LOVATO,

    Defendants.

---

**ORDER DISMISSING CASE**

---

Plaintiff Michael Brungardt initiated this action on May 19, 2010 by filing a *pro se* complaint.  (Doc. # 3.)  The case was referred to Magistrate Judge Craig B. Shaffer on September 29, 2010.  Defendants filed a Motion to Dismiss on December 6, 2010.  (Doc. # 22.)  By Minute Order, Magistrate Judge Shaffer ordered Plaintiff to file a response to the Motion to Dismiss on or before January 4, 2011.  (Doc. # 24.)  Plaintiff was later given until February 28, 2010 to file his response.  (Doc. # 27.)  To date, Plaintiff has still not responded to Defendants' Motion to Dismiss.

Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it."  A district court may dismiss a case *sua sponte* under

Rule 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1161 (10th Cir. 2007) (dismissing *sua sponte* under Rule 41(b) for failure to prosecute).

Before choosing dismissal as an appropriate sanction, this Court considers (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff has twice been directed to file a response to Defendants' Motion to Dismiss. It has been almost four months since the Motion was filed and Plaintiff has yet to respond. Plaintiff has offered no explanation for his lack of response. This Court will not tolerate abuse of its limited judicial resources by litigants who initiate actions and then refuse to prosecute.

Accordingly, IT IS ORDERED that the case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to prosecute.

DATED: March __31__, 2011

BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge